**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RAY THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 1:14-cv-01240-SMS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br><br>(Doc. 5) |

Plaintiff Travis Ray Thompson, a prisoner proceeding *pro se* and *in forma pauperis*, has moved for appointment of counsel for the pleading stage only. Plaintiff previously filed a complaint pursuant to 42 U.S.C. § 1983 seeking injunctive relief against charges brought against him by the California Department of Corrections. The complaint presently awaits screening pursuant to 28 U.S.C. § 1915.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *partially overruled on other grounds*, 154 F.3d 952, 954 n. 1 (9th Cir. 1998). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

1
2
3

The Court does not find the required exceptional circumstances in this case. *See Rand*, 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

4

Accordingly, the Court DENIES Plaintiff's request for appointment of counsel.

5
6

IT IS SO ORDERED.

7
8

Dated:   **October 28, 2014**              **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28