**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RAY THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 1:14-cv-01240-AWI-SMS<br><br>ORDER DISMISSING CASE FOR LACK OF JURISDICTION<br><br>(Doc. 7) |

Plaintiff Travis Ray Thompson, an inmate at California State Prison, Corcoran ("CSPC"), proceeds *pro se* and *in forma pauperis* in this action under 42 U.S.C. § 1983 against Defendants State of California; California Correctional Peace Officers Association; Greg Strickland, Kings County District Attorney; Javier Navarette, Deputy Kings County District Attorney; Kings County Superior Court; and the Fifth District Court of Appeals.  Plaintiff seeks an injunction against the trial of pending criminal proceedings against him on charges of assault with a deadly weapon, battery on non-confined persons while serving a life sentence, possession of a weapon in prison, and delaying a peace officer in performance of duties in violation of California Penal Code §§ 4500, 4501, 4501.5, 4502(a) and (b), arising from incidents on February 2 and June 26, 2013.  Petitioner contends that the prosecution is politically motivated, violating his due process and 14th Amendment equal protection rights.  The complaint includes no allegations regarding the circumstances that gave rise to the pending criminal charges against Plaintiff.

1

### "Factual" Allegations

The complaint alleges no specific facts concerning any political or other improper motivation for prosecuting Plaintiff in particular. Instead, Plaintiff sets forth newspaper reports, statistical analyses, and assumptions concerning a "code of silence" among the unionized correctional officers, who are governed by a contract that was negotiated in bad faith. In addition, he alleges that the correctional officer's union has improperly contributed funds to various California judges. He asserts that the CPSC administration and the King's County District Attorney's office have conspired to impose a double standard permitting abuse of force against inmates housed in the Security Housing Unit ("SHU"). Plaintiff adds that the "convict code of silence" requires him to invoke his Fifth Amendment privilege not to testify, precluding him from asserting his defenses in the criminal case against him.[1]

### Civil Rights Claims Are Not Ripe

Federal courts do not consider constitutional challenges until the posture of the challenges makes them ripe for federal adjudication. *Southern Pacific Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990). "If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *Id.* "'[R]ipeness is peculiarly a question of timing,' and it is the situation now rather than the situation at the time of the [decision under review] that must govern.'" *Anderson v. Green*, 513 U.S. 557, 559 (1995) (*quoting Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140 (1974)). When the parties currently have no live dispute and whether a dispute will arise in the future is conjectural, the dispute is not ripe for adjudication. *Anderson*, 513 U.S. at 1060-61.

In this case, the parties have no live dispute. Plaintiff has not yet been tried on the pending criminal charges. Based on the articles and information on which he relies, Plaintiff believes that his

---

[1] Plaintiff also alleges the existence of jury bias against prisoners in the U.S. District Court for the Eastern District of California. Since Plaintiff is to be tried in Kern County Superior Court, this allegation, even if it were accurate, is not relevant to Plaintiff's pending trial.

2

trial will result in due process and equal protection violations, but at this time, his belief is mere conjecture. None of the allegations on which he relies relate specifically to Plaintiff or suggest that the charges against him arose from anything other than his alleged assault of a correctional officer. Due process requires that Plaintiff be tried on the charges against him. If violations arise and lead to Plaintiff's conviction, he will have the right to appeal his conviction to the California Appellate Division and, ultimately, the California Supreme Court.

A justiciable dispute will not arise until Plaintiff has been tried and the outcome of the trial and any subsequent appeal(s) reveal whether violations of Plaintiff's rights of due process or equal protection or both have occurred. Plaintiff's claims that his rights of due process and equal protection have been violated are not yet ripe. No such violations have yet occurred.

### **Conclusion and Order**

Although Plaintiff anticipates that the trial of the criminal charges against him will result in violations of his equal protection and due process rights, no such violations have yet occurred. Since the possibility of future constitutional violations is conjectural, Plaintiff's claims are not yet ripe for adjudication in federal district court. The Court is required to dismiss the complaint.

Accordingly, the Court hereby DENIES Plaintiff's motion for an injunction based on his conjecture regarding potential future violations of Plaintiff's rights and DISMISSES this case without prejudice for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   November 3, 2014                           _____
                                                                  SENIOR  DISTRICT  JUDGE