**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RAY THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | Case No. 1:14-cv-01240-AWI-SMS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br><br>(Doc. 12) |

Plaintiff Travis Ray Thompson, an inmate at California State Prison, Corcoran, brought this Section 1983 action against Defendants State of California; California Correctional Police Officers Association; Greg Strickland, Kings County District Attorney; Javier Navarette, Deputy Kings County District Attorney; Kings County Superior Court; and the Fifth District Court of Appeals. *See* 42 U.S.C. § 1983. Plaintiff sought an injunction against the trial of pending criminal charges against him including assault with a deadly weapon, battery on non-confined persons while serving a life sentence, possession of a weapon in prison, and delaying a peace officer in performance of his duties in violation of California Penal Code §§ 4500, 4501, 4501.5, and 4502(a) and (b). On November 3, 2014, the Court concluded that Plaintiff's claims were not ripe and dismissed the case for lack of jurisdiction.

Plaintiff now moves for reconsideration, contending that the Court failed to consider *Schiavone Construction Co. v. New York City Transit Authority*, 593 F.Supp. 1257, 1258 (S.D.N.Y.

1984),[1] which Plaintiff contends clearly grants the Court jurisdiction to enjoin politically motivated criminal proceedings such as the prosecution of Plaintiff.  *Schiavone* is distinguishable.  The plaintiffs in *Schiavone* sought an injunction against state grand jury proceedings that were allegedly duplicative of two prior federal investigations of the plaintiffs.  As a result, the defense did not argue that the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), barred the court's interference in the state proceedings.  *See Schiavone*, 593 F.Supp. at 1260 n. 9.  In this case, Plaintiff has already been indicted for the crimes charged by the State of California.

Further, the *Schiavone* plaintiffs fully alleged facts from which the district court could perform its legal analysis.  Plaintiff's complaint alleged no facts, setting forth only Plaintiff's speculation that the case against him was politically motivated.  In the absence of supporting factual allegations, Plaintiff's claims were not ripe for consideration, and the Court lacked jurisdiction to review them.  *See Southern Pacific Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990) ("If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed").

Plaintiff's motion for reconsideration is hereby DENIED.

IT IS SO ORDERED.

Dated:   December 2, 2014                              _____
                                                                              SENIOR  DISTRICT  JUDGE

---

[1] Plaintiff did not include a citation for *Schiavone*.  In the absence of any other similarly named case and in view of the case's subject matter, the Court infers that this is the case to which Plaintiff referred.